**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

QUELVY SANCHEZ,

    Petitioner,

vs.                                              Case No.    3:06-cv-139-J-32MMH
                                                                                 3:03-cr-327-J-32MMH

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**[1]

This case is before the Court on petitioner Quelvy Sanchez's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. 1). The United States filed a response. (Doc. 5). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

On July 22, 2005, Sanchez pled guilty to: (1) Count One of the Superseding Information charging conspiracy to possess with intent to distribute cocaine, in an amount of five (5) kilograms or more, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and (2) Count Two of the Superseding Information charging failure to appear before the Court as required by conditions of release, in violation of 18 U.S.C.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

§ 3146(a). (Crim. Doc. 126).[2] Sanchez's guilty plea was entered pursuant to a written plea agreement he signed on July 21, 2005. (Crim. Doc. 114). The plea agreement contains a waiver of appeal provision that provides:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the maximum and expressly <u>waives the right to appeal defendant's sentence or to challenge it collaterally on any ground</u>, including the ground that the court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(<u>Id.</u> at 11-12) (emphasis added). Sanchez was subject to a mandatory minimum sentence of 120 months' imprisonment on Count One. Sanchez's Criminal History Category was II, and his base offense level was 32. The base offense level was increased 2 levels to 34 pursuant U.S.S.G § 3C1.1 because of the failure to appear charge in Count Two of the Superseding Information. The United States filed a

---

[2] Citations to Sanchez's criminal case file, 3:03-cr-327-J-32MMH, are denoted as "Crim. Doc. ___." Citations to Sanchez's civil § 2255 case file, 3:06-cv-139-J-32MMH, are denoted as "Doc. ___."

U.S.S.G. § 5K1.1 motion on Sanchez's behalf seeking a one (1) level reduction for substantial assistance. (Crim. Doc. 119). At the sentencing hearing, the Court granted a two (2) level reduction for acceptance of responsibility pursuant to U.S.S.G § 3E1.1(a). Further, the government filed a motion pursuant to U.S.S.G. § 3E1.1(b) seeking an additional one (1) level reduction for acceptance of responsibility. (Crim. Doc. 118). In addition to the Court's two (2) level reduction, the government's motions were granted at sentencing, thereby reducing Sanchez's offense level from 34 to a 30.[3]  On November 1, 2005, the Court sentenced Sanchez to 96 months' imprisonment for Count One and a consecutive 12 months' imprisonment for Count Two, for a total sentence of 108 months' imprisonment.[4] Sanchez did not file a direct appeal.

Sanchez filed the instant § 2255 petition on February 14, 2006. (Crim. Doc. 125; Doc. 1). As best it can be understood, Sanchez's petition argues that the District Court erred in refusing to grant a three (3) level reduction for substantial assistance pursuant to U.S.S.G. § 5K1.1. (Id.). The government posits that Sanchez expressly waived the right to appeal his sentence either directly or collaterally, and thus the §

---

[3] The granting of the U.S.S.G. § 5K1.1 motion and the ore tenus amendment to that motion (citing 18 U.S.C. § 3553(e)) at sentencing permitted the undersigned to sentence below the 120 month minimum mandatory on Count One to reflect the substantial assistance provided.

[4] The 108 month sentence was at the low end of the advisory guidelines range of 108-135 months for a Criminal History Category of II, and an offense level of 30.

2255 motion should be dismissed.  (Doc. 5-1).

An appeal waiver in a plea agreement will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.  United States v. Williams, 396 F.3d 1340, 1341 (11th Cir. 2005);  United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997).  A voluntary and knowing appeal waiver in a plea agreement precludes the defendant from collaterally attacking his conviction in a § 2255 motion. See Williams, 396 F.3d at 1342 (dismissing a § 2255 petition based on claims of ineffective assistance of counsel because the appeal waiver provision in a plea agreement specifically informed the defendant that he was waiving a collateral attack on his sentence).

Here, Sanchez consented to having his guilty plea taken before United States Magistrate Judge Marcia Morales Howard.  (Crim. Doc. 126 at pp. 88-89).  During the plea colloquy, Sanchez unequivocally stated that he understood the appeal waiver provision in the plea agreement and that it applied to any collateral attack brought against the imposition of his sentence under 28 U.S.C. § 2255.  (Id. at pp. 60-61). Sanchez's contention, that the Court improperly failed to grant a downward departure of three (3) offense levels (rather than one (1)) for substantial assistance, falls squarely within the appeal waiver.  Thus, the Court concludes that Sanchez knowingly

and voluntarily agreed to the appeal waiver provision of his plea agreement, the appeal waiver is valid, applies to the instant § 2255 motion and none of the enumerated exceptions in the waiver apply.[5]

Accordingly, it is hereby **ORDERED**:

The United States' Motion to Dismiss Quelvy Sanchez's Section 2255 Motion (Doc. 5) is **GRANTED**. Quelvy Sanchez's Motion to Vacate, Set Aside Sentence, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**. The Clerk shall enter judgment in favor of the United States and against Quelvy Sanchez, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of July, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies:
counsel of record
pro se party

---

[5] The undersigned did not upwardly depart above the applicable guidelines range at sentencing, the imposed sentence is not above the statutory maximum and the sentence does not violate the law apart from the sentencing guidelines.